NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CROWN TREE SERVICE, INC. and ANTHONY KOENN, DBA Crown Tree Service, <br><br>        Plaintiffs-Appellants, <br><br>   v. <br><br> ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation domiciled in the State of Texas and doing business in California, <br><br>        Defendant-Appellee. | No. 16-17117 <br><br> D.C. No. 3:16-cv-01125-VC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before: HAWKINS and TALLMAN, Circuit Judges, and JACK,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Anthony Koenn and Crown Tree Services, Inc. (collectively, Koenn) appeals the grant of summary judgment in favor of Atain Specialty Insurance Company. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This is an insurance coverage dispute arising from a commercial general liability policy sold by Atain to Koenn. The Bear Yuba Land Trust sued Koenn after he removed trees from Bear Yuba's property under a belief the trees belonged to a neighbor. Koenn's policy provided a duty to defend claims for property damage caused by an "occurrence," which is defined as "an accident."

There is inconsistent authority among California Court of Appeal cases on whether an insured's reasonable belief, as was Koenn's here, transforms an intentional act into an accident. *Compare Fire Ins. Exch. v. Superior Court*, 104 Cal. Rptr. 3d 534, 538–41 (Ct. App. 2010) (holding an intentional act cannot be an accident based on the insured's subjective beliefs), *and Albert v. Mid-Century Ins. Co.*, 187 Cal. Rptr. 3d 211, 219 (Ct. App. 2015) (same), *with Karpe v. Great Am. Indem. Co.*, 11 Cal. Rptr. 908, 911–12 (Ct. App. 1961) (holding an insured's dispatch of another's cow to the slaughterhouse was potentially accidental because the insured might have confused the cow for one of his own).

We predict the California Supreme Court would hold that an insured's subjective belief—no matter how reasonable—cannot transform an intentional act into accidental conduct. *See, e.g., Std. Fire Ins. Co. v. Peoples Church of Fresno*,

2

985 F.2d 446, 449–50 (9th Cir. 1993) (analyzing how the California Supreme Court would resolve an unresolved question of insurance policy interpretation); *A-Mark Fin. Corp. v. CIGNA Prop. & Cas. Cos.*, 40 Cal. Rptr. 2d 808, 814–15 (Ct. App. 1995) (same). *Karpe*, which held to the contrary, appears to have been implicitly overruled. First, *Karpe* equated negligence with accidental conduct, which the California Supreme Court has subsequently rejected as overly simplistic. *See Delgado v. Interins. Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083, 1091–92 (Cal. 2009). Second, although the California Supreme Court has held that an insured's *unreasonable* belief cannot turn a "purposeful and intentional act" into "an accident," *id.* at 1092, California courts have recognized that *Delgado*'s holding was not limited to unreasonable beliefs, *see Fire*, 104 Cal. Rptr. 3d at 538 n.2; *Albert*, 187 Cal. Rptr. 3d at 219. In contrast, no California court has relied on *Karpe* for its holding that subjective belief may influence the accident analysis.

Further, a potential for coverage does not exist merely because California courts have interpreted the policy term "accident" differently. *See State Farm Mut. Auto. Ins. Co. v. Longden*, 242 Cal. Rptr. 726, 730 (Ct. App. 1987) ("We know of no case suggesting that an insurer has a duty to defend where the only potential for

3

liability turns on resolution of a legal question."). Thus, because there was no potential for coverage, Atain did not owe Koenn a duty to defend.[1]

**AFFIRMED.**

---

[1] Because we affirm the grant of summary judgment on the basis that Koenn lacked any potential for coverage, we do not reach Atain's alternative arguments that coverage was excluded.